UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ROMESH SOIN and ALMA SOIN, | NO. CIV. 2:12-634 WBS EFB |
| Plaintiffs, | |
| v. | ORDER RE: TEMPORARY RESTRAINING ORDER |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION a/k/a FANNIE MAE; SUNTRUST MORTGAGE, INC.; and DOES 1-100 inclusive, | |
| Defendants. | |

----oo0oo----

Plaintiffs Romesh Soin and Alma Soin filed a state action against defendants Federal National Mortgage Association ("Fannie Mae") and Suntrust Mortgage, Inc. ("Suntrust") bringing claims arising from allegedly wrongful conduct related to a loan modification application under the Home Affordable Modification Program ("HAMP"). Defendant Suntrust removed the case to federal court on March 13, 2012. (Docket No. 1.) Plaintiffs filed a

1

motion for a temporary restraining order on March 20, 2012, alleging that their house faced foreclosure on March 21, 2012. (Docket No. 8.)  In their complaint, plaintiffs assert causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200.  (Docket No. 1.)  The court held a hearing on plaintiffs' motion at 3:00 p.m. on March 21, 2012.

In order to obtain a temporary restraining order or a preliminary injunction, the moving party "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. NRDC, 555 U.S. 7, 20 (2008).

On present the state of this record, given the conflicting representations of counsel at the hearing, in the short time within which the court must make this decision, the court cannot say that plaintiffs will be unable to establish that they are entitled to the relief they seek.  Plaintiffs' attorney represents that the property upon which defendant threaten to foreclose is plaintiff's primary place of residence.  The loss of one's residence due to foreclosure constitutes irreparable injury.  Avila v. Stearns Lending, Inc., No. Civ. 08-0419-AG(CTx), 2008 WL 1378231, *3 (C.D. Cal. Apr. 7, 2008).

IT IS THEREFORE ORDERED that plaintiffs' motion for a temporary restraining order be, and the same hereby is, GRANTED. IT IS FURTHER ORDERED that pending the hearing and determination of the motion for a preliminary injunction, the above named

defendants, and each of them, and their officers, agents, employees, representatives and all persons acting in concert or participating with them, are restrained and enjoined from engaging in or performing directly or indirectly, any and all of the following acts:

> Conducting a Trustee's Sale or taking any other action to foreclose upon the Note and Deed of Trust securing the repayment of same pertaining to the real property located at 9251 Bright Stars Court, Elk Grove, California, 95624 (the "Subject Property").

IT IS FURTHER ORDERED that plaintiffs' motion for a preliminary injunction will be heard at 2:00 p.m. on April 9, 2012.  The parties shall adhere to the following briefing schedule:

Plaintiffs' moving papers, including all relevant affidavits, declarations, documents, points and authorities, shall be filed on or before March 26, 2012.  Defendants' opposing papers, including all relevant affidavits, declarations, documents, points and authorities, shall be filed on or before April 2, 2012.

DATED:  March 21, 2012

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3